IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

FAWN BYRNES,

Plaintiff,

v.                                                                    No. CIV 00-618 BB/RLP

AMRESCO RESIDENTIAL
MORTGAGE CORP.; AMRESCO,
INC., OF DALLAS, TEXAS;
BANKERS TRUST CO., as Trustee of
AMRESCO Residential Securities
Corp.; MORTGAGE & LOAN TRUST,
and WENDOVER FINANCIAL
SERVICES, Individually, Jointly and
Severally,

Defendants.


MEMORANDUM OPINION AND ORDER
GRANTING STAY PENDING ARBITRATION


THIS MATTER is before the Court on Defendants' Motion to Stay or in the

Alternative to Compel Arbitration, and the Court being fully advised, FINDS the motion

is well taken and arbitration will be ordered.

*Discussion*

On February 1, 2001, the Court heard arguments on the motion of AMRESCO

Entities and Wendover to dismiss the claims of Plaintiff Fawn Byrnes, *pro se*, and the

alternative motion to compel arbitration and stay proceedings.  By the Order of February 8, 2001, the Court granted time for additional briefs on the arbitration issue. Plaintiff filed a supplemental response and memorandum in support of dismissal of Defendants' motion to dismiss claims on February 15, 2001.  She filed a further supplemental response on March 6, 2001.

Defendants' argue that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, because the Dispute Resolution Agreement executed by the parties requires that this dispute be arbitrated.  In the alternative, Defendants request that the Court enter an order compelling arbitration of the claims of Plaintiff under the Dispute Resolution Agreement, and staying all proceedings in this Court until such time as the arbitration procedure provided under the Dispute Resolution Agreement has been completed.

Plaintiff responds that because Defendants filed a motion to dismiss rather than an answer, "the effect of failure to deny the claims is an admission of all claims.  That the failure to raise affirmative defenses is a waiver of those defenses."  Pltf. Resp. of Mar. 1, 2001 at 1.  It has long been settled that a motion to dismiss or stay for failure to arbitrate adequately raises the arbitration defense.  *Wilson Wear, Inc. v. United Merchants & Mfrs., Inc.*, 713 F.2d 324 (7th Cir. 1983); *Evans v. Hudson Coal Co.*, 165 F.2d 970 (3d Cir. 1948); *Morrison v. Colorado Permanente Med. Group, P.C.*, 983 F. Supp. 937, 947 (D. Colo. 1997).

Plaintiff next argues that her RICO claims are not subject to the arbitration requirement.  She cites no legal authority to support this position.  The United States Supreme Court has made it clear that an arbitration agreement may properly cover statutory claims, and including claims asserted under RICO.  *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  Specifically, the present Dispute Resolution Agreement includes, "but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims."

Plaintiff next argues the Uniform Arbitration Act, NMSA 1978 § 44-7-1 (2000 Repl. Pamp.), applies only to complaints which seek to revoke a contract and she claims fraud in the inducement.  Plaintiff misinterprets of the Act.  *K.L. House Constr. Co. v. City of Albuquerque*, 576 P.2d 752 (N.M. 1978) (courts only decide if there is an agreement to arbitrate, not terms of arbitration).  *See also Drake Bakeries, Inc. v. Local 50*, 370 U.S. 254 (1962) (court decides issue of arbitrability based on the terms set out by the parties).

## O R D E R

For the above stated reasons, the parties are directed to arbitrate pursuant to their Dispute Resolution Agreement, and the matter will be stayed pending the outcome of such arbitration.

Dated at Albuquerque this 13th day of March, 2001.


BRUCE D. BLACK
United States District Judge


**Plaintiff *Pro Se*:**
    Fawn Byrnes, Albuquerque, NM

**Counsel for Defendant:**
    Lawrence M. Wells, Albuquerque, NM (for AMRESCO Entities and Wendover)
    Kevin M. Sexton, Albuquerque, NM (for Bankers Trust Co.)

4